**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

NICHOLAS D'ANDRE THOMAS,

                              **Plaintiff,**

          **v.**                            **CASE NO. 22-3038-SAC**

RYAN HAYDEN, et al.,

                              **Defendants.**

<u>**MEMORANDUM AND ORDER TO SHOW CAUSE**</u>

Plaintiff Nicholas D'Andre Thomas, who is detained at the Shawnee County Jail (SCJ) in Topeka, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983 alleging misconduct and illegal action related to his ongoing state-court criminal prosecution. He names as defendants Topeka Police Department Detective Ryan Hayden and his public defender, Maban Wright. For the reasons explained below, the Court will direct Plaintiff to show cause why this matter should not be dismissed.

**I.   Nature of the Matter before the Court**

In December 2020, Plaintiff was charged in Shawnee County District Court with one count of aggravated battery. *See* Online Records of Shawnee County District Court, case number 2020-CR-2781. His preliminary hearing occurred in March 2021, but in June 2021, the state district court ordered a competency evaluation. *Id.* In October 2021, the state district court held a competency hearing and found that Plaintiff should be sent for further evaluation and

1

restoration pursuant to K.S.A. 22-3303. *Id.* It appears that Plaintiff is still waiting to be transported to Larned State Hospital. *Id.*

Plaintiff filed the current civil rights complaint in this Court on February 24, 2022. As Count I, Plaintiff claims that the following constitutional rights, privileges, or immunities were violated: "Ethics in Government § 104, 5 U.S.C.A. App. 4, 46 U.S.C.A. § 14702 False Statements, 15 U.S.C.A. § 80b-7 material misstatement, 5 U.S.C.A. § 8307 false statement and misrepresentation, 31 U.S.C.A. § 3729 False claim, 18 U.S.C.A. § 1621 perjury, 42 U.S.C.A. § 1981 equal rights of the law, [and] 18 U.S.C.A. 360c DNA." (Doc. 1, p. 3.) As factual background for Count I, Plaintiff alleges that during his preliminary hearing in March 2021, Defendant Hayden falsely swore to and submitted a false DNA report in a supplemental offense report intended to link Petitioner to a crime despite a lack of necessary information. *Id.*

As Count II, Plaintiff alleges the violation of his rights under "Ethics in Government § 104, 5 U.S.C.A. App. 4, 46 U.S.C.A. § 14702 False Statements, 18 U.S.C.A. 360c DNA, 18 U.S.C.A. § 1623 False declaration before grand jury or court, 31 U.S.C.A. § 3729 False claim, 18 U.S.C.A. § 4, 26 U.S.C.A. § 7206 Fraud and False Statements, [and] 10 U.S.C.A. § 931 perjury." (Doc. 1, p. 4.) As supporting facts for Count II, Plaintiff asserts that Defendant Wright failed to correct Defendant Hayden's false statements

2

regarding the DNA testing and results. Plaintiff seeks "[r]elease relief, money relief, T[RO] relief, injunctive relief, compensatory relief, preliminary relief, punitive relief, indemnification relief, nominal relief, [and] declaratory relief." *Id.* at 5.

## II.   Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a), (b), and (e)(2)(B). When screening, the Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III.   Discussion

### Failure to Provide Required Financial Information

When Plaintiff filed his complaint in this matter, he neither paid the filing fee nor submitted a motion to proceed in forma pauperis (IFP). On February 24, 2022, the Court issued a notice of deficiency informing Plaintiff that he was required to correct this deficiency within 30 days. (Doc. 2.) The notice advised Plaintiff that if he failed to do so, this action may be dismissed without further notice.

On March 7, 2022, the Clerk of Court received a letter from Plaintiff advising that he was having trouble obtaining the copy of

his inmate account statement needed to file a motion to procced IFP and asking for assistance. (Doc. 3.) After corresponding with the Shawnee County Department of Corrections, the Court learned that Plaintiff received four copies of his inmate account statement sometime during the week of March 14, 2022. Yet as of the date of this order, Plaintiff has not filed a motion to proceed IFP or paid the filing fee.

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *See also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (noting that Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure . . . to comply with the . . . court's orders"). Plaintiff has failed to comply with the Court's order to pay the $402.00 statutory filing fee or file a motion to proceed in forma pauperis within 30 days of the date of the notice of deficiency. Thus, the Court could dismiss this matter for failure to comply with a court order.

The Court will afford Plaintiff a final opportunity to comply with the notice of deficiency and grant Plaintiff until and including April 28, 2022, to either pay the statutorily required filing fee or file a complete motion to proceed IFP. Failure to do so will result in this matter being dismissed without further prior notice to Plaintiff.

4

**Intervention in State-Court Proceedings**

This is the eighth federal case Plaintiff has filed seeking this Court's intervention in Shawnee County criminal case number 2020-CR-2781; Plaintiff has filed five federal habeas actions and two prior civil rights actions under 42 U.S.C. § 1983. *See Thomas v. Maban, et al.*, case number 21-cv-3181-SAC (dismissed Sept. 22, 2021); *Thomas v. Hill*, case number 21-cv-3200-SAC (dismissed Oct. 7, 2021); *Thomas v. Wright*, case number 21-cv-3201-SAC (dismissed Oct. 12, 2021); *Thomas v. Lee*, case number 21-cv-3241-SAC (dismissed Nov. 5, 2021); *Thomas v. State of Kansas*, case number 22-cv-3017-SAC (dismissed Jan. 25, 2022); *Thomas v. Lee*, case number 22-cv-3033-SAC (dismissed February 24, 2022); *Thomas v. Hayden*, case number 22-cv-3044 (dismissed March 10, 2022).

The Court has repeatedly explained to Plaintiff that under *Younger v. Harris*, 401 U.S. 37, 47, (1971), when the Court is asked to intervene in ongoing state criminal proceedings, the Court must determine whether (1) the state criminal proceedings are ongoing, (2) the state criminal proceedings affect important state interests, and (3) the state courts provide a satisfactory opportunity for Plaintiff to make constitutional arguments. *See Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). If all three of these conditions exist, this Court may not interfere in the state-court case unless there is "great and immediate" danger of "irreparable injury." *See Brown ex rel. Brown v. Day*, 555 F.3d 882,

888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)); *see also Younger*, 401 U.S. at 46.

By his request for injunctive relief, Plaintiff appears to ask this Court to intervene in his ongoing criminal state proceedings. As in Plaintiff's previous federal cases, however, the three conditions are satisfied here, so *Younger* requires this Court to abstain from doing so.

### Repetitive and Frivolous Litigation

The Tenth Circuit has explained:

> "When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process.[R]epetitious litigation of virtually identical causes of action may be dismissed under [28 U.S.C.] § 1915 as frivolous or malicious. The unnecessary burden placed upon the juridical process in adjudicating these frivolous and malicious lawsuits is obvious. [T]here is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious. . . . No one, rich or poor, is entitled to abuse the judicial process." *Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013) (internal citations and quotation marks omitted).

The Court has also advised Plaintiff that any future actions he files in this Court seeking this Court's intervention in Shawnee County criminal case number 2020-CR-2781 on grounds similar to those he has previously alleged will be subject to summary dismissal as repetitive and frivolous litigation. *See Thomas v. Lee*, case number 2021-cv-3241-SAC, Doc. 8, p. 4-5.

Contrary to Plaintiff's assertion in his current complaint,

this is not his first § 1983 complaint against Defendants Hayden and Wright. (See Doc. 1, p. 4-5.) The complaint Plaintiff filed on August 23, 2021 also named them as defendants and was based, in part, on Defendant Hayden's alleged submission of false DNA evidence and Defendant Wright's alleged failure to "do[] anything about the burden of proof." *See Thomas v. Wright*, case number 21-cv-3201-SAC, Doc. 1.

Plaintiff's second § 1983 complaint, filed two days before the current complaint, named prosecutor Bethany Lee as a defendant and again alleged the knowing submission of false DNA reports. *See Thomas v. Lee*, case number 22-cv-3033-SAC, Doc. 1. The complaint currently before the Court clearly is duplicative of Plaintiff's two prior § 1983 complaints. It is based on events from the same state-court criminal proceedings, it alleges the same submission of fabricated evidence to the state court, it seeks the seek the same relief, and it provides no reason why *Younger* does not require this Court to abstain from interfering in the state-court prosecution.

The Court understands that Plaintiff believes serious irregularities are occurring in his state-court prosecution. However, as Plaintiff is aware, *Younger* requires that this Court abstain from interfering in his state-court criminal prosecution except in specific circumstances. The current complaint alleges no reason why *Younger* does not control. Thus, the Court could dismiss the request for injunctive relief as frivolous and repetitive.

## Failure to State a Claim

The current complaint also fails to state a claim upon which relief can be granted. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). But the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

In the portion of the complaint for Plaintiff to identify the "constitutional rights, privileges or immunities" he believes "have been violated," Plaintiff has listed multiple statutory provisions and other legal sources, but he has not identified any constitutional right, privilege, or immunity. Thus, this matter is subject to dismissal because Plaintiff has not alleged a federal constitutional violation.

## IV.   Conclusion

As explained above, this matter is subject to dismissal due to Plaintiff's failure to pay the required filing fee or file a motion to proceed IFP and the required document in support. In addition, Plaintiff's request for injunctive relief is subject to dismissal under the *Younger* abstention doctrine and as frivolous and repetitive litigation. Finally, the complaint is subject to dismissal in its entirety for failure to state a claim upon which relief may be granted in a § 1983 action. Plaintiff is therefore directed to show cause, in writing, why this matter should not be dismissed. The failure to file a timely response may result in the dismissal of this matter without prior notice to Plaintiff.

In the alternative, Plaintiff may file a complete and proper Amended Complaint upon court-approved forms that cures all the deficiencies discussed herein.

In order to add claims, significant fact allegations, or change defendants, Plaintiff must submit a complete amended complaint. See

Fed. R. Civ. P. 15. An amended complaint is not simply an addition to the original complaint; it completely replaces the original complaint. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. Plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that Plaintiff intends to pursue in this action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (22-3038) at the top of the first page of his amended complaint. He must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10. He must also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the specific unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show that each defendant committed a federal constitutional violation, including specific dates.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including April 28, 2022, to pay the statutorily required filing fee or file a motion to proceed IFP. If Plaintiff fails to do so, this matter will be dismissed without further prior notice to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff is granted to and

including April 28, 2022, to show cause, in writing, why this matter should not be dismissed for the reasons stated herein. The failure to file a timely response may result in the dismissal of this matter without prior notice to Plaintiff.

**IT IS FURTHER ORDERED** that on or before April 28, 2022, Plaintiff may file a complete and proper amended complaint that cures all the deficiencies discussed herein. If Plaintiff files an amended complaint, the Court will conduct an initial screening of that complaint and issue further orders as necessary. The clerk is directed to send 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED.**


DATED:  This 29th day of March, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge