IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICHOLAS D'ANDRE THOMAS,

                    Plaintiff,

          v.                          CASE NO. 22-3038-SAC

RYAN HAYDEN, et al.,

                    Defendants.

## MEMORANDUM AND ORDER

Plaintiff Nicholas D'Andre Thomas, who is detained at the Shawnee County Jail (SCJ) in Topeka, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983 alleging misconduct and illegal action related to his ongoing state-court criminal prosecution. He names as defendants his public defender, Maban Wright, and Topeka Police Department Detective Ryan Hayden. For the reasons explained below, the Court will dismiss this matter and assess a strike against Plaintiff.

## I.  Nature of the Matter before the Court

In December 2020, Plaintiff was charged in Shawnee County District Court with one count of aggravated battery. *See* Online Records of Shawnee County District Court, case number 2020-CR-2781. That matter is still pending. Plaintiff filed the current civil rights complaint in this Court on February 22, 2022, alleging illegalities in the state-court criminal proceedings. He seeks "[r]elease relief, money relief, T[RO] relief, injunctive relief,

1

compensatory relief, preliminary relief, punitive relief, indemnification relief, nominal relief,[ and] declaratory relief."

## II.   Screening and Order to Show Cause

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a), (b), and (e)(2)(B). When screening, the Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

After screening, the Court issued a Memorandum and Order to Show Cause (MOSC) on March 29, 2022. (Doc. 4.) Therein, as it has Plaintiff's other cases that have come before this Court, the Court explained to Plaintiff that if the three conditions set forth in *Younger v. Harris*, 401 U.S. 37, 47 (1971), are present, the Court must not intervene in ongoing state criminal proceedings unless there is "great and immediate" danger of "irreparable injury." (Doc. 4, p. 5.) Plaintiff in the present complaint sought injunctive relief but did not allege such danger.

The MOSC also reminded Plaintiff that he was previously cautioned that actions filed in this Court seeking intervention in Shawnee County criminal case number 2020-CR-2781 would be subject to summary dismissal as repetitive and frivolous litigation. *Id.* at

6 (citing *Thomas v. Lee*, case number 2021-cv-3241-SAC, Doc. 8, p. 4-5). The MOSC noted that Plaintiff previously has filed complaints in this Court under § 1983 that are based on events from the same state-court criminal proceedings, namely allegedly fabricated evidence; that seek the same relief; and that fail to provide any reason why *Younger* does not require abstention.

Finally, the MOSC noted that the complaint failed to allege a federal constitutional violation and, as a result, failed to state a claim upon which relief can be granted. (Doc. 4, p. 8-9.) The MOSC allowed Plaintiff the opportunity to show cause why this matter should not be dismissed or, in the alternative, to file a complete and proper amended complaint that cures the deficiencies. *Id.* at 9. On April 13, 2022, Petitioner filed an amended complaint. (Doc. 5.)

**III. Discussion**

The Court has screened the amended complaint and concludes that, like the first complaint, it fails to state a claim upon which relief can be granted because it fails to identify or allege a violation of the federal constitution. Moreover, this is the eighth federal case Plaintiff has filed seeking this Court's intervention in the same Shawnee County criminal case; he has filed five federal habeas actions and two prior civil rights action under 42 U.S.C. § 1983. *See Thomas v. Maban*, case number 21-cv-3181-SAC (dismissed Sept. 22, 2021); *Thomas v. Hill*, case number 21-cv-3200-SAC (dismissed Oct. 7, 2021); *Thomas v. Wright*, case number 21-cv-3201-

SAC (dismissed Oct. 12, 2021); *Thomas v. Lee*, case number 21-cv-3241-SAC (dismissed Nov. 5, 2021); *Thomas v. Kansas*, case number 22-cv-3017-SAC (dismissed Jan. 25, 2022); *Thomas v. Lee*, case number 22-cv-3033-SC (dismissed Jan. 25, 2022); and *Thomas v. Hayden*, case number 22-cv-3044 (dismissed March 10, 2022).

The Tenth Circuit has explained:

> "When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process.[R]epetitious litigation of virtually identical causes of action may be dismissed under [28 U.S.C.] § 1915 as frivolous or malicious. The unnecessary burden placed upon the juridical process in adjudicating these frivolous and malicious lawsuits is obvious. [T]here is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious. . . . No one, rich or poor, is entitled to abuse the judicial process." *Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013) (internal citations and quotation marks omitted).

The Court understands that Plaintiff believes serious irregularities are occurring in his state-court prosecution. However, as Plaintiff is aware, the repeated filing of duplicative complaints and federal habeas petitions will not bring him the relief he seeks. Thus, the Court also will dismiss this matter as frivolous and repetitive.

The Court further finds that this dismissal should count as a strike[1] under the Prison Litigation Reform Act (PLRA), which provides:

---

[1] This dismissal constitutes Plaintiff's second strike. *See Thomas v. Lee*, 22-cv-3033-SAC, Doc. 4 (assessing first strike).

"In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In other words, each time a prisoner's civil action or appeal is dismissed "as 'frivolous' or 'malicious' or for 'fail[ing] to state a claim upon which relief may be granted,'" it counts as a "strike." *See Payton v. Ballinger*, 831 Fed. Appx. 898, 902 (10th Cir. 2020). Once a prisoner has three strikes, he or she may not proceed in forma pauperis in a civil action or appeal without showing "imminent danger of serious physical injury." *Id.*

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** for failure to state a claim on which relief can be granted and as frivolous litigation. This dismissal will count as a strike under the PLRA.

**IT IS SO ORDERED.**

DATED:  This 15th day of April, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge